CONCEPCIÓN MELÉNDEZ VDA. DE MIRANDA y OTRO, demandantes y apelados, *v.* SECRETARIO DE HACIENDA, demandado y apelante.

*Número:* O-82-651    *Resuelto:* 9 de marzo de 1983

*Miguel Pagán, Procurador General Interino,* y *Justo Gorbea Varona, Procurador General Auxiliar,* abogados de El Pueblo; *Víctor M. Pons, Jr.,* de *Sweeting, Pons, González & Cestero,* abogado de los apelados.

EL JUEZ ASOCIADO SEÑOR DÍAZ CRUZ emitió la opinión del Tribunal.

En 1975 la demandante-recurrida donó a su hijo José Miguel Miranda Meléndez una finca urbana afecta desde 1968 a hipoteca a favor de Caguas Federal Savings & Loan Assn. cuyo principal estaba reducido a $46,472.10. En la planilla de notificación a Hacienda la donante Concepción Meléndez Vda. Miranda excluyó del valor bruto de la donación (estimado en $110,000) la exención fija de $30,000 y la anual de $500; y tomó como deducción el balance impagado de hipoteca lo que resultó en contribución auto-impuesta de $2,365.64. En noviembre de 1976 el Secretario de Hacienda notificó a la donante deficiencia por $8,278.12 de intereses al rechazar la deducción del valor bruto donado, el referido importe de hipoteca, fundado en la Sec. 207(b) de la Ley de Contribuciones sobre Caudales Relictos y Donaciones, Núm. 167 de 30 junio, 1968 que ordena:

(b) *Reglas especiales para donaciones onerosas.*—Se excluirá del valor de las donaciones onerosas, para los fines de la contribución impuesta por este Capítulo, el valor que tenga en el mercado en la fecha en que se hace la donación, la obligación impuesta al donatario. No se excluirá cantidad alguna de dicha obligación si el donatario fuere pariente del transmitente dentro del tercer grado de consanguinidad o segundo de afinidad. 13 L.P.R.A. sec. 5207(b).

La donante impugnó la deficiencia mediante demanda cuyos fundamentos se han reducido al siguiente planteamiento de inconstitucionalidad:

. . .[Q]ue en todo caso la Sección 207(b) de la Ley 167 de 30 de junio de 1968, en cuanto dispone que *las obligaciones impuestas al donatario* no se excluirán del valor de los bienes donados, a los fines de la contribución, cuando hubiere entre las

partes el mentado parentesco es inconstitucional y nula en cuanto (1) discrimina contra los donantes y donatarios entre los cuales existen tales grados de parentesco (2) en cuanto dispone una contribución arbitraria, desproporcionada al valor actual real de los bienes donados y los priva de su propiedad sin el debido proceso de Ley (3) les priva de la igual protección de las leyes y (4) establece una presunción juris et de jure, arbitraria, de que el propósito de la donación es defraudar al Estado. Viola por tanto, entre otras, las disposiciones de las enmiendas V y XIV de la Constitución de los EE.UU. de A. y las disposiciones de la Sec. VII del Artículo II (Carta de Derechos) de la Constitución del Estado Libre Asociado de Puerto Rico.

La sala de instancia dictó sentencia el 15 septiembre, 1982 por la que declaró inconstitucional la "presunción concluyente contenida en la segunda oración de la [citada] Sección 207(b)" por no permitir la acreditación y deducción de la obligación impuesta al donatario y anuló la deficiencia. Reconocimos cuestión constitucional substancial en la apelación del Secretario de Hacienda y considerado el alegato de los apelados, resolvemos.

La fuerza del ataque constitucional a la Sec. 207 de la Ley se concentra en lo que el contribuyente llama presunción incontrovertible de fraude en la donación onerosa entre parientes de cercano grado, y la sala de instancia al acoger el planteamiento ha resuelto que la presunción es ofensiva y discriminatoria porque niega igual protección de las leyes, el debido proceso, y hiere la dignidad esencial de las personas excluidas de la deducción al inferir de modo absoluto y final —sin oportunidad al contribuyente de probar la legitimidad y certeza de la obligación([1]) impuesta al donatario— la deshonestidad y fraude en la transacción. No compartimos ese criterio. La exclusión de convenios y

---

([1]) En situación distinta, y en atención a la terminación de la actividad productiva del contribuyente con su muerte y la accesión de los herederos al caudal relicto, la Sec. 53(3) de la Ley, 13 L.P.R.A. sec. 5053(3), les admite a éstos, a los fines de exclusión de la masa tributable, prueba de "que medió causa suficiente en dinero o su equivalente en la transacción que originó la hipoteca o la deuda".

pactos entre parientes inmediatos tiene más naturaleza de *clasificación* que de presunción. Responde al objetivo de impedir mediante donación la disminución del eventual caudal relicto y la evasión contributiva[2] resultante. Y se limita a estos parientes porque el natural afecto y confianza entre ellos facilita los traspasos simulados que le permiten al donante evadir la contribución al mismo tiempo que a través de su álter ego retiene el control de la propiedad. Dentro del mayor interés público en que no se derrote la imposición contributiva, la clasificación no es arbitraria ni caprichosa, por lo que no está en duda su validez. *Coca-Cola Bottling Co.* v. *Srio. de Hacienda*, 112 D.P.R. 707 (1982). La desigualdad que infringe la Constitución es aquella que refleja una preferencia basada en prejuicio, no la que descansa en un interés público. L. H. Tribe, *American Constitutional Law*, Mineola, New York, The Foundation Press, Inc., 1978, pág. 993. Ya este Tribunal determinó la constitucionalidad de la clasificación impugnada, al considerar racional y bien fundada la ordenada precisamente en el texto que antecedió a la disposición actual, 13 L.P.R.A. sec. 881(e),[3] que incorporó lo siguiente:

(e) *Donación tributable.*—El término "donación tributable" significa el importe de la donación menos el montante de las exenciones concedidas en la Sección 4 de esta Ley.

En el caso de una donación onerosa, a los fines de la tributación de la misma se deducirá del montante de la donación el importe de la obligación impuesta al donatario, entendiéndose que en los casos de contratos con obligaciones de rentas vitalicias, o sujetos a reservas de usufructo a favor del donante, se impondrá la contribución que se indica en la Sección Segunda de esta Ley, sobre el valor total de los bienes a la fecha del contrato, si los donatarios fuesen parientes del

---

[2] Con igual propósito la Ley de Contribución sobre Ingresos niega la deducción de *pérdidas*, en ventas o permutas de propiedad entre parientes inmediatos en la relación familiar. 13 L.P.R.A. sec. 3024(b).

[3] Ley Núm. 103 de 25 abril, 1950 que enmendó la Sec. 1ra de la Ley Núm. 303 de 12 abril, 1946 de Contribución sobre Herencias y Donaciones.

donante dentro del tercer grado de consanguinidad o segundo de afinidad.

Resolvimos en *Salazar Rivera* v. *Srio. de Hacienda*, 89 D.P.R. 385, 396 (1963), que la transcrita sección, germana y precursora de la que nos ocupa, "no es arbitraria, opresiva o caprichosa, y que la misma tiene como propósito promover un fin público permisible".

A pesar de haber declinado la popularidad de la abstención como ideal de la conducta judicial, el Tribunal Supremo de los EE.UU. mantiene e invoca la necesidad pragmática de deferencia judicial a la acción legislativa en la esfera de contribuciones y continúa aplicando a ésta la técnica tradicional de análisis racional mínimo. Tribe, *op. cit.*, pág. 1000. "Tratamos con legislación económica y social en la que las asambleas legislativas históricamente han trazado líneas que nosotros respetamos al ser confrontadas con el cargo de violación de la Igual Protección de las Leyes, si la ley es 'razonable, no arbitraria' [cita] y tiene 'una relación racional con un fin público permisible'." *Village of Belle Terre* v. *Boraas*, 416 U.S. 1, 8 (1974).

■ La igual protección de las leyes en el campo contributivo no es concepto ideal, sino ecuación pragmática fundada en principio de razonabilidad. El hecho de que personas en situación especial sean afectadas por una clasificación no coloca el estatuto en curso de conflicto con la Constitución si el predominante interés público queda servido.

*Se revocará la sentencia apelada.*

El Juez Asociado Señor Rebollo López disintió sin opinión.